

NUMBER 13-10-137-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**GUADALUPE ANDREW CERVANTES,**               **Appellant,**

**v.**

**THE STATE OF TEXAS,**               **Appellee.**

---

### On appeal from the 214th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Vela
### Memorandum Opinion by Justice Vela

Appellant, Guadalupe Andrew Cervantes, was charged with causing serious

bodily injury with a deadly weapon, involving family violence. TEX. PENAL CODE ANN. § 22.02(b)(1) (Vernon Supp. 2010). He pleaded guilty without a plea bargain agreement and elected for the jury to assess punishment. Evidence was presented by both sides, and the jury assessed punishment at life imprisonment. Cervantes was also assessed a ten thousand dollar fine. We affirm.

## I. *ANDERS* BRIEF

Cervantes's appellate counsel has filed a motion to withdraw and a brief in support thereof in which he states that he has diligently reviewed the entire record and has concluded that there "are no meritorious issues to bring forward for review." *See Anders v. California*, 386 U.S. 738, 744 (1967). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has informed this Court that he has (1) examined the record and has found no arguable grounds to advance on appeal, (2) served copies of the brief and motion to withdraw on Cervantes; and (3) informed Cervantes of his right to review the record and to file a pro se response.[1] *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 510 n. 3 (Tex. Crim. App. 1991). More than an adequate time has passed, and no pro se response has been filed.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488

---

[1]The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n. 23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

U.S. 75, 80 (1988). We have reviewed the record and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III. Motion to Withdraw

In accordance with *Anders*, Cervantes's counsel has filed a motion to withdraw as his appellate counsel. *See Anders,* 386 U.S. at 744*; see also In re Schulman*, 252 S.W.3d at 408 n. 17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant the motion to withdraw.

We order that counsel must, within five days of the date of this opinion, send a copy of the opinion and judgment to Cervantes and advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d

---

[2]No substitute counsel will be appointed. Should Cervantes wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3, 68.7. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

403, 412 n. 35 (Tex. Crim. App. 2008) (orig. proceeding); *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


                                        ROSE VELA
                                        Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
20th of January, 2011.